## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

---------------------------------------------------------------------------x

Rebecca Brown,

                Plaintiff,                                      **C.A. No.:** 4:23-cv-352

      -against-                                                **DEMAND FOR JURY TRIAL**

Experian Information Solutions, Inc.,
Affirm, Inc.,

                Defendant(s).

---------------------------------------------------------------------------x

## **COMPLAINT**

Plaintiff Rebecca Brown ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Affirm, Inc. ("Affirm, Inc.") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Additionally, Plaintiff brings this action for damages arising from Defendants' violations of the Truth in Lending Act under 15 U.S.C. § 1601 *et seq,* commonly known as the Fair Credit Billing Act.

## PARTIES

5. Plaintiff is a resident of the State of Missouri, County of St. Louis.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Missouri, and may be served with process upon The Corporation Company, its registered agent for service of process at 120 South Central Avenue, Suite 400, St. Louis, Missouri 63105.

8. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Affirm, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process at C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

12. Plaintiff originally booked airline flight tickets through Expedia.com ("Expedia") on July 14, 2022.

13. The airline flight was supposed to be paid for by using an Affirm, Inc. account.

14. However, Plaintiff never received an itinerary or tickets for this flight.

15. The Plaintiff reached out to Expedia who explained that Affirm, Inc. never sent any money and if she wished to take this trip she needs to pay for it directly to Expedia.

16. Accordingly, Plaintiff was forced to book a separate flight and pay Expedia directly.

17. Thereafter, despite Plaintiff paying for her own flight outright, Affirm, Inc. proceeded to collect a debt of $5,000 and furnish this information to Experian, and Experian in turn reported, the full balance of the flight tickets that were never booked or paid for by Affirm, Inc.

18. Thus, Defendants reported an inaccurate balance owed on Plaintiff's credit reports.

19. Accordingly, in an effort to stop the negative reporting by Affirm, Inc., the Plaintiff was forced to pay off Affirm, Inc. despite never receiving any funds or plane tickets from them.

20. Unfortunately, the erroneous late payments are still reflected on the Plaintiff's credit report despite paying off the funds that she never received or benefited from in the first place.

## Experian Dispute and Violation

21. Upon information and belief, on a date better known to Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Affirm, Inc. account (date opened: July 28, 2022, Account Balance of $5228, Account Number RFEQ****) ("Account").

22. The inaccurate information furnished by Affirm, Inc. and published by Experian is inaccurate since the Account is listed with an outstanding balance when in fact Plaintiff does not owe any balance to Affirm, Inc.

23. Plaintiff's Experian report lists the Account with a status of "Open. $3501 past due as of Nov 3 2022." This is inaccurate.

24. Plaintiff's Experian report lists the Account with a balance of $5228. This is inaccurate.

25. Plaintiff Experian's report lists the Account as 30 days late in October 2022 and 60 days late in November 2022. This is inaccurate as the Plaintiff could not be late on any payment to Affirm, Inc., since Affirm, Inc. never booked any tickets for her.

26. Moreover, following payment in full despite never receiving or benefiting from the Affirm, Inc. funds, Plaintiff's Experian report still lists this account as 30 days late in September 2022, 60 days late in October 2022 and 90 days late in November 2022. This is inaccurate.

27. Plaintiff disputed the Account with Experian and Affirm, Inc. on or around December 28, 2022.

28. Included in her dispute was an explanation of the chronology of events that had transpired, a transcript of Plaintiff's call with Expedia showing that Expedia never

received the Affirm, Inc. funds, proof that the tickets were cancelled and proof that Plaintiff was forced to purchase new tickets.

29. To date, Experian has not responded to the Plaintiff's dispute as required under the law.

30. Had Experian reviewed Plaintiff's dispute package they would have realized the credit reporting mistake and would have corrected or removed the inaccurate information from Plaintiff's credit report.

31. Upon information and belief, Experian sent Plaintiff's dispute package to Affirm, Inc. for verification.

32. Upon further information and belief, Affirm, Inc. erroneously verified that the data furnishings were accurately reporting on Plaintiff's Experian credit report.

33. Had Affirm, Inc. conducted a reasonable investigation, they would have realized that they received payment in full and any late payments were not attributable to Plaintiff's actions or omissions, and more importantly this account was an improper account from the onset as no funds were ever sent to Expedia or the Plaintiff.

34. Plaintiff dealt with great frustration over the course of many months trying to resolve her credit dispute on her own.

35. Defendants' reporting significantly lowers Plaintiff's credit score.

36. As there are hard and soft inquiries on Plaintiff's credit report, it is clear that potential creditors were notified of Plaintiff's erroneous delinquency.

37. This erroneous credit reporting has caused Plaintiff to be denied credit.

38. Defendants continue to erroneously cast a negative light on Plaintiff's creditworthiness.

39. Despite Plaintiff's dispute and the fact that Plaintiff has no outstanding obligation to Affirm, Inc., Experian continues to report Plaintiff's Account with late payment notations in September, October and November 2022.

40. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

41. Despite Plaintiff's dispute that the information on her consumer report was inaccurate with respect to the disputed Account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

42. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

43. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the Account was improperly reporting with inaccurate late payment notations.

44. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

45. On February 24, 2023, Plaintiff was denied a personal loan from SoFi Bank, N.A.

46. The first reason for their decision was "serious delinquency."

47. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit as detailed above, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

<u>Fair Credit Billing Violation</u>

48. On information and belief, on or about July 28, 2022, Plaintiff entered into a credit transaction, namely the Affirm, Inc. Account, with Defendant Affirm, Inc. for personal, family or household purposes.

49. Specifically, Plaintiff opened the Affirm, Inc. Account for the sole purpose of booking an airline flight through Expedia that was supposed to be paid for by the Account.

50. However, Plaintiff never received an itinerary or tickets for this flight.

51. The Plaintiff reached out to Expedia who explained that Affirm, Inc. never sent any money and if she wished to take this trip she needs to pay for it directly to Expedia.

52. Accordingly, Plaintiff was forced to book a separate flight and pay Expedia directly.

53. Thereafter, despite Plaintiff paying for her own flight outright, Affirm, Inc. proceeded to wrongfully charge and bill a debt of $5,000 that continued to escalate with fees/penalties.

54. Upon discovery of these wrongful charges, Plaintiff notified the Defendant Affirm, Inc.

55. Plaintiff has continued to dispute these charges with the Defendant Affirm, Inc., but has received no proper responses or assistance from Affirm, Inc. in rectifying these issues.

56. The failure to take appropriate steps led directly to Plaintiff having a damaged credit score.

57. Accordingly, in an effort to stop the negative reporting by Affirm, Inc., the Plaintiff was forced to pay off Affirm, Inc. despite never receiving any funds or plane tickets from them.

58. Unfortunately, the erroneous late payments are still reflected on the Plaintiff's credit report despite paying off the funds that she never received or benefited from in the first place.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

59. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

61. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

62. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Rebecca Brown, an individual, demands judgement in her favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

68. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

69. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Rebecca Brown, an individual, demands judgement in her favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Affirm, Inc.)

73. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

78. Affirm, Inc. violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

79. As a result of the conduct, action and inaction of Affirm, Inc., Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

80. The conduct, action and inaction of Affirm, Inc. was willful, rendering Affirm, Inc. liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

81. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Affirm, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Rebecca Brown, an individual demands judgement in her favor against Affirm, Inc. in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Affirm, Inc.)**

82. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

83. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

84. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

85. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

87. Affirm, Inc. is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

88. After receiving the Dispute Notice from Experian, Affirm, Inc. negligently failed to conduct its reinvestigation in good faith.

89. A reasonable investigation would require a furnisher such as Affirm, Inc. to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

90. The conduct, action and inaction of Affirm, Inc. was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

91. As a result of the conduct, action and inaction of Affirm, Inc., Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

92. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Affirm, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Rebecca Brown, an individual, demands judgement in her favor against Affirm, Inc. for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

**(Violation of the Fair Credit Billing Act as to Affirm, Inc.)**

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

94. The unauthorized charge of the Plaintiff's Account constitutes a "billing error" as that term is used in the Fair Credit Billing Act, 15 U.S. C. § 1666.

95. Regulation Z, which implements the Fair Credit Billing Act, requires a creditor to conduct a "reasonable investigation" after it receives a notice of a billing error.

96. Defendant Affirm, Inc. did not conduct a reasonable investigation here, rather it verified the charges despite Plaintiff's evidence of the failure to fund the purchase of the flight ticket(s).

97. Defendant Affirm, Inc.'s actions caused Plaintiff actual damages.

98. Furthermore, Defendant's actions were part of an ongoing pattern or practice of failure to comply with its obligations under the Fair Credit Billing Act.

99. By Failing to comply with the Fair Credit Billing Act, Defendant Affirm, Inc. is subject to liability pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff, Rebecca Brown, an individual, demands judgement in her favor against Affirm, Inc. for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1640.

## DEMAND FOR TRIAL BY JURY

100. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 20, 2023

Respectfully Submitted,

*/s/ Yaakov Saks*
Yaakov Saks, Esq.
STEIN SAKS, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 101
(201) 282-6501 Fax
ysaks@steinsakslegal.com